# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 22-5263

September Term, 2023

FILED ON: OCTOBER 20, 2023

ANDREW S. CLYDE, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE U.S. HOUSE OF REPRESENTATIVES; LOUIE GOHMERT, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE U.S. HOUSE OF REPRESENTATIVES; LLOYD SMUCKER, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE U.S. HOUSE OF REPRESENTATIVES,
APPELLANTS,

v.

WILLIAM J. WALKER, IN HIS OFFICIAL CAPACITY AS SERGEANT AT ARMS OF THE U.S. HOUSE OF REPRESENTATIVES; CATHERINE SZPINDOR, IN HER OFFICIAL CAPACITY AS CHIEF ADMINISTRATIVE OFFICER OF THE U.S. HOUSE OF REPRESENTATIVES,
APPELLEES.

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-01605)

Before: SRINIVASAN, *Chief Judge*, and RAO and CHILDS, *Circuit Judges*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The court has afforded the issues full consideration and determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is hereby:

**ORDERED** and **ADJUDGED** that the district court's order be affirmed.

\*      \*      \*

In February 2021, the United States House of Representatives adopted House Resolution 73, which required Members to complete security screening before entering the House Chamber and authorized fines for any Member who failed to complete such screening. H. Res. 73, 117th Cong. § 1(a)(1), 167 Cong. Rec. H274–75 (daily ed. Feb. 2, 2021).[1] Representatives Andrew

---

[1] H.R. 73 expired at the end of the 117th Congress.

Clyde, Louie Gohmert, and Lloyd Smucker refused to complete the mandated security screening before entering the House Chamber.[2] Pursuant to the Resolution, the Sergeant at Arms levied fines against each Representative, which were deducted from their net salaries by the Chief Administrative Officer.

The Representatives sued the Sergeant at Arms and the Chief Administrative Officer. They maintained the Resolution violated the Twenty-Seventh Amendment and the Discipline Clause and challenged its enforcement. The district court held the suit barred by the Speech or Debate Clause and dismissed for lack of subject matter jurisdiction. *Clyde v. Walker*, 619 F. Supp. 3d 193, 199–201 (D.D.C. 2022). The Representatives timely appealed.[3]

## I.

The Representatives first contend the district court erred when it dismissed their complaint for lack of subject matter jurisdiction. They maintain that Speech or Debate Clause immunity operates as an affirmative defense rather than as a jurisdictional bar.[4] We disagree.

The Speech or Debate Clause provides: "Senators and Representatives ... for any Speech or Debate in either House ... shall not be questioned in any other Place." U.S. CONST. art. I, § 6, cl. 1. In our system of separated powers, the Clause is "one manifestation of the [Constitution's] 'practical security' for ensuring the independence of the legislature." *United States v. Johnson*, 383 U.S. 169, 179 (1966) (quoting THE FEDERALIST NO. 48, at 332 (James Madison) (Jacob E. Cooke ed., 1961)). The Clause provides this security by "prevent[ing] intimidation of legislators by the Executive and accountability before a possibly hostile judiciary." *Gravel v. United States*, 408 U.S. 606, 617 (1972).

"[T]he Speech or Debate Clause operates as a jurisdictional bar when 'the actions upon which a plaintiff sought to predicate liability were legislative acts.'" *Fields v. Off. of Eddie Bernice Johnson*, 459 F.3d 1, 13 (D.C. Cir. 2006) (en banc) (cleaned up) (quoting *Doe v. McMillan*, 412 U.S. 306, 318 (1973)); *see also In re Sealed Case*, 80 F.4th 355, 362 (D.C. Cir. 2023); *Massie v. Pelosi*, 72 F.4th 319, 321 (D.C. Cir. 2023); *Rangel v. Boehner*, 785 F.3d 19, 22 (D.C. Cir. 2015); *Howard v. Off. of Chief Admin. Officer of U.S. House of Representatives*, 720 F.3d 939, 941 (D.C. Cir. 2013). The Clause's immunity from suit is jurisdictional and prohibits the judiciary from "question[ing]" speech, debate, or legislative acts that fall within the Clause's coverage. U.S. CONST. art. I, § 6, cl. 1.

## II.

We next consider whether the challenged acts fall within the Clause's ambit. The

---

[2] These facts are taken from the complaint, which we accept as true for purposes of reviewing the district court's order granting the Sergeant at Arms and Chief Administrative Officer's motion to dismiss. *See Bernhardt v. Islamic Republic of Iran*, 47 F.4th 856, 861 (D.C. Cir. 2022).

[3] Although Louie Gohmert is no longer a representative, he faces an ongoing pocketbook injury—a $5,000 fine—so his claims are not moot. *See, e.g.*, *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

[4] This case concerns only the Speech or Debate Clause's immunity from suit and does not implicate the other protections recognized as flowing from the Clause, such as its evidentiary and testimonial privileges. Those privileges shield Members against certain forms of questioning but do not deprive the court of jurisdiction. *See Massie v. Pelosi*, 72 F.4th 319, 321 n.1 (D.C. Cir. 2023).

Representatives maintain the defendants may be sued because issuing a fine and deducting it from paychecks were merely "administrative activities that are not speech, debate, or core legislative [acts]."

"Beyond actual speech or debate, an act is considered 'legislative' only if it is 'an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to' either: (1) 'the consideration and passage or rejection of proposed legislation' or (2) 'other matters which the Constitution places within the jurisdiction of either House.'" *Massie*, 72 F.4th at 322 (quoting *Gravel*, 408 U.S. at 625).

The challenged acts are "legislative" within the meaning of *Gravel*'s second prong because they involve matters the Constitution places within the jurisdiction of the House. The Constitution vests "[e]ach House" with the authority to "determine the Rules of its Proceedings" and "punish its Members for disorderly Behaviour." U.S. CONST. art. I, § 5, cl. 2. We have recently held that the adoption and execution of a House Resolution are legislative acts implicating the House's power pursuant to the Rules and Discipline Clauses. In *McCarthy v. Pelosi*, Representatives challenged a House Resolution permitting voting by proxy. 5 F.4th 34, 38 (D.C. Cir. 2021). We held that "the House adopted its rules for proxy voting under its power to 'determine the Rules of its Proceedings.'" *Id.* at 40 (quoting U.S. CONST. art. I, § 5, cl. 2). Although the challenged acts "involve[d] *implementation* of proxy voting pursuant to the Resolution," they were nonetheless "integral" to the "processes by which Members participate in … House proceedings." *Id.* at 39 (emphasis added) (quoting *Gravel*, 408 U.S. at 625). And in *Massie*, Representatives challenged a House Resolution that required wearing masks in the House Chamber, and, as in this case, violations resulted in fines deducted from Members' salaries. 72 F.4th at 321. We held that the Resolution was a legislative act because, "like the proxy voting rule, [the mask rule] regulates the conduct of Members on the House floor." *Id.* at 323. And we emphasized that fines for violations of the Resolution are "an aspect of Congress' power to 'punish its Members for disorderly Behaviour' … that may not be questioned in this court." *Id.* (quoting U.S. CONST. art. I, § 5, cl. 2).

The suit here is indistinguishable from *Massie* and *McCarthy*. The House enacted Resolution 73 pursuant to the Rules Clause, and the Resolution "regulates the conduct of Members on the House floor." *Massie*, 72 F.4th at 321. When the Representatives failed to comply with the security procedures required by the Resolution, the Sergeant at Arms issued a fine and the Chief Administrative Officer deducted the fine from their paychecks. "The [Sergeant at Arms] engaged in a legislative act when he fined the Representatives for violating the Resolution, and the Chief Administrative Officer engaged in a legislative act when she deducted those fines from the Representatives' salaries." *Id.* at 323. Both acts are protected by the Speech or Debate Clause.

The Representatives resist this conclusion and maintain that House Rules are reviewable whenever "a plausible constitutional violation is alleged." We rejected that argument in *Massie*, and we do so again today. *Id.* at 323–24. To safeguard congressional independence, the Clause's "immunity from suit is 'absolute,'" shielding protected legislative acts regardless of their alleged unconstitutionality. *Id.* (quoting *Rangel*, 785 F.3d at 24); *see also In re Sealed Case*, 80 F.4th at 362; *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 509–10 (1975).

\* \* \*

When executing House Resolution 73, the defendants were engaged in legislative acts. They are therefore entitled to Speech or Debate Clause immunity, and we lack jurisdiction to

3

consider the merits of the Representatives' claims.

For the foregoing reasons, we affirm. Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. See FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk